IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jerry Weatherford, | ) | C/A No. 7:21-cv-01264-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Master-Lee Energy Services Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this diversity action seeking declaratory judgment that the Non-Competition, Non-Solicitation, and Non-Disclosure Agreement ("the Restrictive Covenants Agreement") is unenforceable and alleging claims of tortious interference with prospective contractual agreement and tortious interference with economic and business relationship. ECF No. 1-1.

On May 27, 2021, Defendant filed a Motion to Transfer Venue arguing that this action should be heard in the United States District Court for the Western District of Pennsylvania. ECF No. 13. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 14, 16. Accordingly, the matter is ripe for consideration.

## **APPLICABLE LAW**

### *Transfer Based on Forum Selection Clause*

A valid forum selection clause may be enforced either through 28 U.S.C. § 1404(a), which permits transfer to another federal forum, or through the doctrine of *forum non conveniens*, which provides a mechanism for dismissal where the parties have selected

1

a state or foreign forum and transfer is consequently unavailable. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

A forum selection clause may be characterized as either mandatory or permissive. A mandatory forum selection clause is one that "requires litigation to occur in a specified forum," while a permissive forum selection clause "permits litigation to occur in a specified forum but does not bar litigation elsewhere." *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018) (citation omitted). A mandatory forum selection clause creates a "presumption of enforceability" that is overcome only if enforcement would be "unreasonable." *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Where the clause is found to be permissive, however, the presumption in favor of enforceability disappears. *BAE Sys. Tech.*, 884 F.3d at 472. If the court determines the clause is permissive, it analyzes the clause's language under the traditional *forum non conveniens* analysis. *See id*. But if the clause is mandatory, the court uses the modified framework outlined in *Atlantic Marine.* 571 U.S. at 63

## DISCUSSION

### *Motion to Transfer Venue*

The first question before the Court is whether the forum selection clause is mandatory. The portions of the Restrictive Covenants Agreement referred to by the parties are as follows:

> <u>Consent to Jurisdiction</u>. Employee hereby irrevocably submits to personal jurisdiction of the United States District Court for the Western District of Pennsylvania or the Court of Common Pleas of [Westmoreland] County, Pennsylvania in any action or proceeding arising out of or relating to this Agreement, and Employee hereby irrevocably agrees that all claims in

> respect of any such action or proceeding may be heard and determined in either court.
>
> <u>Venue</u>.  Employee hereby irrevocably waives any objections which he/she now or hereafter may have to the laying of venue of any action or proceeding arising out of or relating to this Agreement brought in the United States District Court for the Western District of Pennsylvania or the Court of Common Pleas of [Westmoreland] County, Pennsylvania on the ground that any such action or proceeding in either of such Courts has been brought in an inconvenient forum.  Nothing in this Section 17 shall affect the right of the Companies to bring any action or proceeding against Employee or his/her property in the courts of other jurisdictions.

ECF No. 13-2 at 27.

Turning initially to the first clause, the general rule is that "where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *BAE Sys. Tech.*, 884 F.3d at 472 n.7 (quoting *Paper Express, Ltd. V. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)).  The word "shall" in conjunction with jurisdiction alone does not render a forum selection clause mandatory.  *Id*. at 472.  Rather, the clause's language must clearly exclude jurisdiction in any forum besides the one selected.  *Id*. (citation omitted).  This may be accomplished by the use of exclusive language such as "sole," "only," or "exclusive."  *Id*.; *see also K & V Sci. Co. v. Bayerische Motoren Werke Atkiengesellschaft*, 314 F.3d 494, 500 (10th Cir. 2002). Here, the Consent to Jurisdiction section of the Restrictive Covenants Agreement refers only to jurisdiction and does so in non-exclusive terms.  Specifically, this portion provides for jurisdiction in Pennsylvania

3

but does not exclude jurisdiction in any other court. Therefore, the Court finds that the forum selection clause is permissive rather than mandatory.

Turning to the second clause, it merely provides that Plaintiff waives any objection to venue in the event the case had been brought in the Western District of Pennsylvania or Westmoreland County, Pennsylvania. There is nothing that prohibits litigation in any other court. *See BAE Systems*, 884 F.3d at 470. ("A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere."). Accordingly, the forum selection clause is permissive.

Because the Court has determined that the forum selection clause is permissive, it will analyze the clause's language under the traditional *forum non conveniens* analysis. *See id.* at 472. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "The burden is on the movant to show that transfer pursuant to Section 1404(a) is proper." *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 867 (E.D. Va. 2013). "'Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge.'" *Herring v. LaPolla Indus., Inc.*, 2013 WL 12148849, at *3 (D.S.C. Oct. 7, 2013) (quoting *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991)).

The determination of whether transfer based on forum non conveniens is appropriate requires a two-step analysis. First, it must be determined "whether an

4

alternative forum is available." *In re Compania Naviera Joanna S.A.*, 531 F.Supp.2d 680, 684 (D.S.C. 2007) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981)). Second, if an alternative forum is available, "the court must apply various factors to determine whether the private litigants' interests and the public interest require dismissal." *Id*. (citing *Piper Aircraft Co.*, 454 U.S. at 257–61).

Here, this action could have been brought in the Western District of Pennsylvania. *See* 28 U.S.C. § 1391(b).  Accordingly, the Court turns to an analysis of convenience and fairness, weighing a number of case-specific factors.  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  Private-interest factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n.6 (1981) (internal quotation marks omitted).  "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (internal quotations marks and citation omitted).

The Court evaluates the private and public interest factors as follows:

<u>Relative Ease of Access to Sources of Proof</u>

It appears that this factor does not weigh in favor of either party as sources of proof exist in South Carolina and Pennsylvania.

### *Availability of Compulsory Process for Attendance of Unwilling, and the Cost of Obtaining Attendance of Willing Witnesses*

The Court also finds that this factor does not favor either party as witnesses are in various states including South Carolina and Pennsylvania.

### *Possibility of View of Premises, If View Would be Appropriate to the Action*

This factor is not relevant to the present action.

### *All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive*

Neither party has specifically addressed this factor, and, upon review, the Court finds it does not weigh in favor of either party.

### *The Administrative Difficulties Flowing from Court Congestion*

The Court finds that this factor does not weigh in favor of either party.

### *The Local Interest in Having Localized Controversies Decided at Home*

The Court likewise finds that this factor does not weigh in favor of either party as both South Carolina and Pennsylvania will have an interest in the outcome of this action.

### *The Interest in Having the Trial of a Diversity Case in a Forum that Is at Home with the Law*

It appears that Pennsylvania law will apply to the contract at issue in this action but may not necessarily apply to all claims. Therefore, while this factor may weigh slightly in favor of Defendant, the Court declines to assign it significant weight. The courts of this District are experienced at applying out-of-state law. Accordingly, this factor does not weigh significantly in favor of either party.

Therefore, upon review, the Court finds that Defendant has not met its burden of showing that these factors warrant transfer. "As a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (internal quotation marks omitted). Given this consideration and in light of the fact that Defendant has failed to make the requisite compelling showing that transfer is appropriate, the Court finds that Defendant's Motion to Transfer Venue should be denied.[1] *See Del Zotto v. Universal Physician Servs., LLC,* 214 F. Supp. 3d 499, 501 (D.S.C. 2016) ("The one seeking a transfer under § 1404(a) bears the burden of demonstrating the district court ought to grant the relief requested.").

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer Venue [13] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March 14, 2022
Spartanburg, South Carolina

---

[1] Defendant argues that its venue preference rather than Plaintiff's ought to control because Plaintiff requests declaratory judgment. ECF No. 16 at 5–6. The Court disagrees. *See Kettler Int'l, Inc. v. Starbucks Corp.,* 55 F. Supp. 3d 839, 851 (E.D. Va. 2014) (holding that the defendant failed to meet its burden of showing that the factors warranted transfer in a declaratory judgment action); *Builders Mut. Ins. Co. v. Parallel Design & Dev. LLC*, No. 4:10CV00068, 2010 WL 11470405, at *6 (E.D. Va. June 17, 2010) (declaratory judgment action holding that the plaintiff's choice of venue was afforded great weight).